FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 0 3 2003 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

CARLA S. and NINA S.

Plaintiff, (S.I.)

-against-

ST. ANNE INSTITUTE, CHARLES GRAHAM individually and in his official capacity, RICHARD RICCIO individually and in his official capacity, ELECIA RATTRAY individually and in her official capacity, IVY GIBSON individually and in her official capacity, DOUGLAS WILSON individually and in his official capacity, CYNTHIA LANDRY individually and in her official capacity, TERRY BOLAND individually and in her official capacity, ANNE RYAN individually and in her official capacity, KELLY POTTS individually and in her official capacity, "JANE" O'KEEFE individually and in her official capacity, MARY MULCHY individually and in her official capacity, THE COUNTY OF SUFFOLK, SUFFOLK COUNTY DIRECTOR OF PROBATION VINCENT IARIA individually and in his official capacity, SUFFOLK COUNTY COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES DANIEL HICKEY individually and in his official capacity, MARITA GRUHN individually and in her official capacity, ANNEMARIE PILLSWORTH individually and in his/her official capacity, KATRINA EGE individually and in her official capacity, JOHN JOHNSON COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK individually and in her official capacity, JANE DOE 1 individually and in her official capacity.

Defendant.
------------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

CV 03 5545

PLATT, J.

ORENSTEIN, M.

Plaintiffs, CARLA S., (hereinafter "CARLA"), and NINA S. by their attorneys FRIEDMAN, HARFENIST & LANGER and BONGIORNO & BONGIORNO, L.L.P., as and for her complaint respectfully alleges as follows:

## NATURE OF THE ACTION

This is an action for deprivations of Plaintiff's civil rights, committed by the Defendants while acting in concert and under the color of state law, of Plaintiffs' rights, liberties and immunities as guaranteed to them by reason of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. While in the care, custody and control of the defendants, plaintiff, CARLA S., was subjected to incessant acts of rape and sodomy, was subject to deplorable conditions of confinement and inadequate medical treatment. NINA S. is the parent and natural guardian of CARLA S. This Court is authorized to grant the Plaintiffs relief under 42 U.S.C. §§ 1983 and 1988, 20 U.S.C. §1681, and New York State common law.

## JURISDICTION

Jurisdiction in this matter is invoked in accordance with 28 U.S.C. §1331 and 28 U.S.C. §1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. §1376(a).

## VENUE

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) since some of the events and omissions giving rise to the Plaintiffs' claims occurred within SUFFOLK COUNTY; the actual place of employ of some of the individual defendants is SUFFOLK COUNTY in the Eastern District of New York. Additionally, the Plaintiffs reside within the County of Suffolk in the Eastern District of New York.

## THE PARTIES

1. The Plaintiff, CARLA S. (hereinafter referred to as "CARLA") is a resident of the United States who is domiciled within the Eastern District of New York.

2. The Plaintiff, NINA S. (hereinafter referred to as "NINA") is the natural parent of CARLA. At all times herein mentioned, NINA is the natural parent of CARLA.

3. Upon information and belief, at all relevant times described herein the Defendant, ST. ANNE INSTITUTE (hereinafter referred to as "ST. ANNE") was and continues to be a corporation organized and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all relevant times described herein the Defendant, CHARLES GRAHAM (hereinafter referred to as "GRAHAM"), is an individual and was an employee of ST ANNE.

5. Upon information and belief, at all relevant times described herein GRAHAM was acting within the scope of and pursuant to his duties and responsibilities of his employment under the color of State law at ST. ANNE.

6. Upon information and belief, at all relevant times described herein GRAHAM was acting with the knowledge, authority and consent of his employer, ST. ANNE.

7. Upon information and belief, at all relevant times described herein the Defendant, RICHARD RICCIO (hereinafter referred to as "RICCIO"), is an individual and is an employee of ST ANNE.

8. Upon information and belief, at all relevant times described herein, RICCIO was GRAHAM'S executive director at ST ANNE.

9. Upon information and belief, at all relevant times described herein, Defendant RICCIO was acting within the scope and pursuant to the duties and responsibilities of his employment at ST. ANNE under color of state law.

10. Upon information and belief, at all relevant times described herein RICCIO was acting with the knowledge, authority and consent of his employer, ST. ANNE.

11. Upon information and belief, at all relevant times described herein the Defendant, ELECIA RATTRAY (hereinafter referred to as "RATTRAY"), is an individual and is an employee of ST. ANNE.

12. Upon information and belief, at all relevant times described herein, RATTRAY was GRAHAM'S supervisor and/or a fellow employee at ST ANNE.

13. Upon information and belief, at all relevant times described herein, Defendant RATTRAY was acting within the scope and pursuant to the duties and responsibilities of her employment at ST ANNE under color of state law.

14. Upon information and belief, at all relevant times described herein RATTRAY was acting with the knowledge, authority and consent of her employer, ST ANNE.

15. Upon information and belief, at all relevant times described herein, the Defendant, IVY GIBSON (hereinafter referred to as "GIBSON"), is an individual and is an employee of ST ANNE.

16. Upon information and belief, at all relevant times described herein, GIBSON was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

17. Upon information and belief, at all relevant times described herein, Defendant GIBSON was acting within the scope of her employment at ST ANNE and under color of state law.

18. Upon information and belief, at all relevant times described herein GIBSON was acting pursuant to her duties and responsibilities with the knowledge, authority and consent of her employer, ST ANNE.

19. Upon information and belief, at all relevant times described herein the Defendant, DOUGLAS WILSON (hereinafter referred to as "WILSON"), is an individual and is an employee of ST ANNE.

20. Upon information and belief, at all relevant times described herein, WILSON was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

21. Upon information and belief, at all relevant times described herein, Defendant WILSON was acting within the scope of his employment at ST ANNE and under color of state law.

22. Upon information and belief, at all relevant times described herein WILSON was acting pursuant to his duties and responsibilities with the knowledge, authority and consent of his employer, ST ANNE.

23. Upon information and belief, at all relevant times described herein the Defendant, CYNTHIA LANDRY (hereinafter referred to as LANDRY), is an individual and is an employee of ST ANNE.

24. Upon information and belief, at all relevant times described herein, LANDRY was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

25. Upon information and belief, at all relevant times described herein, Defendant LANDRY was acting within the scope of her employment at ST ANNE and under color of state law.

26. Upon information and belief, at all relevant times described herein LANDRY was acting pursuant to her duties and responsibilities with the knowledge, authority and consent of her employer, ST ANNE.

27. Upon information and belief, at all relevant times described herein the Defendant, TERRY BOLAND (hereinafter referred to as "BOLAND"), is an individual and is an employee of ST ANNE.

28. Upon information and belief, at all relevant times described herein, BOLAND was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

29. Upon information and belief, at all relevant times described herein, Defendant BOLAND was acting within the scope of his employment at ST ANNE and under color of state law.

30. Upon information and belief, at all relevant times described herein BOLAND was acting pursuant to his duties and responsibilities with the knowledge, authority and consent of his employer, ST ANNE.

31. Upon information and belief, at all relevant times described herein the Defendant, MARY MULCHY (hereinafter referred to as "MULCHY"), is an individual and is an employee of ST ANNE.

32. Upon information and belief, at all relevant times described herein, MULCHY was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

33. Upon information and belief, at all relevant times described herein, Defendant MULCHY was acting within the scope of her employment at ST ANNE and under color of state law.

34. Upon information and belief, at all relevant times described herein MULCHY was acting pursuant to her duties and responsibilities with the knowledge, authority and consent of her employer, ST ANNE.

35. Upon information and belief, at all relevant times described herein the Defendant, ANN RYAN (hereinafter referred to as "RYAN"), is an individual and is an employee of ST ANNE.

36. Upon information and belief, at all relevant times described herein, RYAN was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

37. Upon information and belief, at all relevant times described herein, Defendant RYAN was acting within the scope of her employment pursuant to duties and responsibilities of her employment at ST ANNE and under color of state law.

38. Upon information and belief, at all relevant times described herein RYAN was acting pursuant to her duties and responsibilities with the knowledge, authority and consent of his employer, ST ANNE.

39. Upon information and belief, at all relevant times described herein the Defendant, KELLY POTTS (hereinafter referred to as "POTTS"), is an individual and is an employee of ST ANNE.

40. Upon information and belief, at all relevant times described herein, POTTS was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

41. Upon information and belief, at all relevant times described herein, Defendant POTTS was acting within the scope of her employment pursuant to duties and responsibilities of her employment at ST ANNE and under color of state law.

42. Upon information and belief, at all relevant times described herein POTTS was acting pursuant to her duties and responsibilities with the knowledge, authority and consent of his employer, ST ANNE.

43. Upon information and belief, at all relevant times described herein the Defendant, "JANE" O'KEEFE (hereinafter referred to as "O'KEEFE"), is an individual and is an employee of ST ANNE.

44. Upon information and belief, at all relevant times described herein, O'KEEFE was GRAHAM'S supervisor and/or fellow employee at ST ANNE.

45. Upon information and belief, at all relevant times described herein, Defendant O'KEEFE was acting within the scope of her employment pursuant to duties and responsibilities of her employment at ST ANNE and under color of state law.

46. Upon information and belief, at all relevant times described herein O'KEEFE was acting pursuant to her duties and responsibilities with the knowledge, authority and consent of his employer, ST ANNE.

47. At all times mentioned herein, St. Anne is vicariously liable for all the actions of its employees, RICCIO, RATTRAY, GIBSON, WILSON, LANDRY, BOLAND, MULCHY POTTS, O'KEEFE and RYAN.

48. Upon information and belief, at all relevant times described herein the Defendant, the COUNTY OF SUFFOLK (hereinafter referred to as "SUFFOLK") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

49. Upon information and belief, at all relevant times described herein the Defendant, DIRECTOR OF THE DEPARTMENT OF PROBATION, VINCENT IARIA, (hereinafter referred to as "IARIA"), individually and by and through his agents and/or employees, supervised, managed, operated, maintained and controlled the Department of Probation in and for the County of SUFFOLK.

50. Upon information and belief, at all relevant times described herein, the Department of Probation was and continues to be an agency of the SUFFOLK.

51. Upon information and belief, at all relevant times described herein the Defendant, VINCENT IARIA (hereinafter referred to as "IARIA"), is an individual and employee of SUFFOLK with an actual place of employ within the County of SUFFOLK, State of New York.

52. Upon information and belief, at all relevant times described herein, Defendant IARIA was acting pursuant to his duties and responsibilities within the scope of his employment for SUFFOLK and under color of state law.

53. Upon information and belief, at all relevant times described herein IARIA was acting with the knowledge, authority and consent of his employer, SUFFOLK.

54. Upon information and belief, at all relevant times described herein the Defendant, SUFFOLK COUNTY COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES, DANIEL HICKEY (hereinafter referred to as "HICKEY"), individually and by and through his agents and/or employees operated, supervised, managed, maintained and controlled the Department of Social Services in and for the County of SUFFOLK.

55. Upon information and belief, at all relevant times described herein, HICKEY is an individual and is an employee of SUFFOLK and at all times relevant to this action was acting under color of state law.

56. Upon information and belief, at all relevant times described herein, the Department of Social Services was and continues to be an agency of the SUFFOLK.

57. Upon information and belief, at all relevant times described herein the Defendant, KATRINA EGE (hereinafter referred to as "EGE"), is an individual and employee of HICKEY

and/or Suffolk County Department of Social Services with an actual place of employ within the County of SUFFOLK, State of New York.

58. Upon information and belief, at all relevant times described herein, EGE is an individual and is an employee of SUFFOLK and at all times relevant to this action was acting under color of state law.

59. Upon information and belief, at all relevant times described herein, Defendant EGE was acting pursuant to her duties and responsibilities within the scope of her employment as a liaison between the Suffolk County Department of Social Services and the Department of Probation and at all relevant times to this action was acting under color of state law.

60. Upon information and belief, at all relevant times described herein EGE was acting with the knowledge, authority and consent of her employer of HICKEY and/or the Department of Social Services.

61. Upon information and belief, at all relevant times described herein EGE was acting with the knowledge, authority and consent of her employer, SUFFOLK.

62. Upon information and belief, at all relevant times described herein the Defendant, MARITA GRUHN (described hereinafter as "GRUHN"), is an individual and is an employee of SUFFOLK and was acting under color of state law.

63. Upon information and belief, at all relevant times described herein, GRUHN was CARLA'S case manager and was employed by the SUFFOLK COUNTY DEPARTMENT OF PROBATION.

64. Upon information and belief, at all relevant times described herein, Defendant GRUHN was acting pursuant to her the duties and responsibilities within the scope of her employment for SUFFOLK.

65. Upon information and belief, at all relevant times described herein GRUHN was acting with the knowledge, authority and consent of her employer, SUFFOLK.

66. Upon information and belief, at all relevant times described herein the Defendant, ANNEMARIE PILLSWORTH (described hereinafter as "PILLSWORTH"), is an individual and is an employee of SUFFOLK and was acting under color of state law.

67. Upon information and belief, at all relevant times described herein, PILLSWORTH was CARLA'S case manager and was employed by the SUFFOLK COUNTY DEPARTMENT OF PROBATION.

68. Upon information and belief, at all relevant times described herein, Defendant PILLSWORTH was acting pursuant to his duties and responsibilities within the scope of her employment for SUFFOLK.

69. Upon information and belief, at all relevant times described herein PILLSWORTH was acting with the knowledge, authority and consent of her employer of SUFFOLK.

70. At all times mentioned herein, SUFFOLK is vicariously liable for all the actions of its employees, IARIA, HICKEY, EGE, GRUHN and PILLSWORTH

71. Upon information and belief, at all relevant times described herein the Defendant, COMMISSIONER OF DEPARTMENT OF SOCIAL SERVICES JOHN JOHNSON (hereinafter referred to as "JOHNSON"), individually and by her agents and/or employees operated, supervised, managed, maintained and controlled the Department of Social Services in and for the State of New York.

72. Upon information and belief, at all relevant times described herein, JOHNSON is an individual and is an employee of New York State and at all times relevant to this action was acting under color of state law.

73. Upon information and belief, at all relevant times described herein, the Department of Social Services was and continues to be an agency of the New York State.

74. Upon information and belief, at all relevant times described herein the Defendant, "JANE DOE 1", is an individual and employee of JOHNSON with an actual place of employ within State of New York.

75. Upon information and belief, at all relevant times described herein, "JANE DOE 1" is an individual and is an employee of New York State and at all times relevant to this action was acting under color of state law.

76. Upon information and belief, at all relevant times described herein, Defendant "JANE DOE 1" was acting within the scope of her employment.

77. Upon information and belief, at all relevant times described herein "JANE DOE 1" was acting with the knowledge, authority and consent of her employment of JOHNSON.

78. Upon information and belief, at all relevant times described herein "JANE DOE 1" was acting with the knowledge, authority and consent of her employment of New York State.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

79. CARLA, at the time an infant, was placed in the ST. ANNE Institute for Girls by the County of SUFFOLK and/or its agencies including, but not limited to, the SUFFOLK County Department of Social Services, and the Department of Probation pursuant to a Family Court Order.

80. ST. ANNE is a state accredited institution for wayward girls which receives federal and state funding..

81. During her stay, CARLA was systematically sexually accosted, raped and coerced to perform sexual acts by an employee of ST. ANNE, CHARLES GRAHAM, during her stay at ST. ANNE from February 9, 2001 through December 16, 2001.

82. Upon information and belief ST ANNE ignored the physical and mental well being of its residents including but not exclusively by failing to prevent illegal narcotics at the institution, and permitting an atmosphere where prescription drugs were traded freely.

83. On or about September of 2001 the sexual transgressions of CHARLES GRAHAM against CARLA came to the attention of certain agents, servants and/or employees of ST. ANNE Institute.

84. Subsequently, due the lack of reasonable policies and procedures existing at ST ANNE and SUFFOLK COUNTY and the existence of inadequate, unreasonable and unenforced policies and procedures at ST ANNE and SUFFOLK COUNTY, no formal investigation was undertaken other than coercing CARLA to recant her allegations.

85. Thereafter, GRAHAM's position and job duties remained the same and were not changed as a result of the allegations, and consequently, GRAHAM continued his sexual rapes and sodomy of ST. ANNE residents including CARLA.

86. Following the alleged sexual assaults by CHARLES GRAHAM, and as a result of the lack of reasonable policies and procedures existing at ST ANNE and SUFFOLK COUNTY and the existence of inadequate, unreasonable and unenforced policies and procedures at ST ANNE and SUFFOLK COUNTY, CARLA was forced to recant her allegations and later she was discharged from the school.

87. Additionally, upon information and belief, other residents of ST. ANNE who were sent to ST. ANNE by the respondent, County of SUFFOLK, have been sexually assaulted and molested by its agents, servants and/or employees, all of which, upon information and belief, SUFFOLK County, its agents and departments as set forth above, had constructive and/or actual notice.

88. Upon information and belief, at that time, HICKEY failed to independently investigate any of the allegations of the other ST. ANNE residents or inquire as to the reasons for CARLA's discharge.

89. Upon information and belief, prior to and during the aforementioned sexual assault, SUFFOLK and actual and/or constructive notice of prior and subsequent sexual assaults and misconduct which occurred at ST ANNE and failed to independently investigate any of the allegations of the other ST. ANNE residents or inquire as to the reasons for CARLA's discharge.

90. Upon information and belief, at that time, IARIA failed to independently investigate any of the allegations of the other ST. ANNE residents or inquire as to the reasons for CARLA'S discharge.

91. Upon information and belief, at that time, GRUHN failed to independently investigate any of the allegations of the other ST. ANNE resident or inquire as to the reasons for CARLA'S discharge.

92. Upon information and belief, at that time, EGE failed to independently investigate any of the allegations of the other ST. ANNE resident or inquire as to the reasons for CARLA'S discharge.

93. Upon information and belief, at that time, JOHNSON failed to independently investigate any of the allegations of the other ST. ANNE resident or inquire as to the reasons for CARLA'S discharge.

94. Upon information and belief, at that time, JANE DOE 1 failed to independently investigate any of the allegations of the other ST. ANNE resident or inquire as to the reasons for CARLA'S discharge.

95. Upon information and belief, at that time, SUFFOLK County failed to independently investigate any of the allegations of the other ST. ANNE resident or inquire as to the reasons for CARLA'S discharge.

96. Including but not exclusively, SUFFOLK County, its agents, servants and/or employees, failed to require criminal background checks of the employees that would be in close quarters with the girls housed at ST. ANNE; failed to require that ST. ANNE have policies in place for its placements to report sexual advances and sexual contact of its employees; failed to adequately examine the layout of the living quarters of the ST. ANNE placements; failed to require that ST. ANNE report any firings of employee's who had been discharged for allegations of sexual abuse; failed to require ST. ANNE to have adequate policies dealing with the investigations of sex abuse allegations; failed to require ST. ANNE to have adequate video monitoring; failed to require and mandate female supervision of its female placements; failed to require ST. ANNE to have adequate supervision of its male staff and other staff members and their interaction with the female placements; failed to initiate any policies or procedures to insure that such requirements, if any, were actually fulfilled, and ST ANNE failed to provide adequate medical care for its residents, and displayed reckless indifference to the medical needs of its residents.

97. It was SUFFOLK County, its agencies, departments, servants and/or employees' nonfeasance and malfeasance that caused and/or allowed the environment and circumstances that lead to the transgressions against CARLA.

98. That at all times relevant to these allegations, ST. ANNE performed a governmental task acting under color of state law, was and is still a state actor on behalf of SUFFOLK County and/or was monitored by officials of the County of SUFFOLK.

99. At all times hereinafter mentioned, CARLA was a ward of, and under the custody, control and supervision of the County of SUFFOLK.

100. The County of SUFFOLK acted with reckless disregard, deliberate indifference and malice in its supervision, monitoring, oversight, inspection, management, control and training of its' employees in charge of the placement of persons subject to PINS petitions, and of the ST ANNE'S employees and facility.

101. That defendant SUFFOLK failed to have in place, the required adequate and reasonable policies and procedures, and had in place those inadequate, ineffective, unreasonable and negligent policies and procedures, that caused, permitted, allowed to exist and/or failed to remedy the sexual transgressions against CARLA.

102. Including but not exclusively, ST. ANNE, its agents, servants and/or employees, failed to require criminal background checks of the employees that would be in close quarters with the girls housed at ST. ANNE; failed to require that ST. ANNE have policies in place for its placements to report sexual advances and sexual contact of its employees; failed to adequately examine the layout of the living quarters of the ST. ANNE placements; failed to require that ST. ANNE report any firings of employee's who had been discharged for allegations of sexual abuse; failed to require ST. ANNE to have adequate policies dealing with the investigations of sex

abuse allegations; failed to require ST. ANNE to have adequate video monitoring; failed to require and mandate female supervision of its female placements; failed to require ST. ANNE to have adequate supervision of its male staff and other staff members and their interaction with the female placements; and failed to initiate any policies or procedures to insure that such requirements, if any, were actually fulfilled.

103. It was ST. ANNE, its agencies, departments, servants and/or employees' nonfeasance and malfeasance that caused and/or allowed the environment and circumstances that lead to the transgressions against CARLA

104. That defendant ST ANNE failed to have in place, the required adequate and reasonable policies and procedures and had in place those inadequate, ineffective, unreasonable and negligent policies and procedures, that caused, permitted, allowed to exist and/or failed to remedy the sexual transgressions against CARLA.

105. ST. ANNE performed a governmental task on behalf of SUFFOLK County and/or was monitored by officials of the County of SUFFOLK.

106. ST. ANNE performed an educational service to it wards on behalf of SUFFOLK County and/or was monitored by officials of the County of SUFFOLK.

107. At all times hereinafter mentioned, CARLA was a ward of, and under the custody, control and supervision of ST. ANNE.

108. At all times hereinafter mentioned, CARLA was in the care, custody and control of ST. ANNE.

109. At all times hereinafter mentioned, CARLA was in the care, custody and control of SUFFOLK.

110. At all times hereinafter mentioned, ST ANNE was acting under color of state law by performing a traditionally state function of housing, confining, punishing, treating, protecting, habilitating and rehabilitating wards of the state.

111. Including but not exclusively, JOHNSON, her agents, servants and/or employees, failed to require criminal background checks of the employees that would be in close quarters with the girls housed at ST. ANNE; failed to require that ST. ANNE have policies in place for its placements to report sexual advances and sexual contact of its employees; failed to adequately examine the layout of the living quarters of the ST. ANNE placements; failed to require that ST. ANNE report any firings of employee's who had been discharged for allegations of sexual abuse; failed to require ST. ANNE to have adequate policies dealing with the investigations of sex abuse allegations; failed to require ST. ANNE to have adequate video monitoring; failed to require and mandate female supervision of its female placements; failed to require ST. ANNE to have adequate supervision of its male staff and other staff members and their interaction with the female placements; and failed to initiate any policies or procedures to insure that such requirements, if any, were actually fulfilled.

112. It was JOHNSON, her agencies, departments, servants and/or employees' nonfeasance and malfeasance that caused and/or allowed the environment and circumstances that lead to the transgressions against CARLA.

113. ST. ANNE performed a governmental task on behalf of JOHNSON and/or was monitored by officials of the State of New York.

114. At all times hereinafter mentioned, CARLA was a ward of, and under the custody, control and supervision of JOHNSON.

115. That JOHNSON acted with reckless disregard, deliberate indifference and malice in its supervision, oversight, inspection, management, control and training of its' employees in charge of the placement of persons subject to PINS petitions.

116. That defendant JOHNSON failed to have in place, the required adequate and reasonable policies and procedures and had in place those inadequate, ineffective, unreasonable and negligent policies and procedures, that caused, permitted, allowed to exist and/or failed to remedy the sexual transgressions against CARLA.

117. At all times herein mentioned, GRAHAM was acting under color of state law as an employee of ST ANNE.

118. At all times herein mentioned, RICCIO was acting under color of state law as an employee of ST ANNE.

119. At all times herein mentioned, RATTRAY was acting under color of state law as an employee of ST ANNE.

120. At all times herein mentioned, GIBSON was acting under color of state law as an employee of ST ANNE.

121. At all times herein mentioned, WILSON was acting under color of state law as an employee of ST ANNE.

122. At all times herein mentioned, LANDRY was acting under color of state law as an employee of ST ANNE.

123. At all times herein mentioned, BOLAND, O'KEEFE and POTTS were acting under color of state law as an employee of ST ANNE.

124. At all times herein mentioned, MULCHY was acting under color of state law as an employee of ST ANNE.

125. At all times herein mentioned, RYAN was acting under color of state law as an employee of ST ANNE.

126. At all times herein mentioned, IARIA was acting under color of state law as an employee of ST ANNE.

127. At all times herein mentioned, HICKEY was acting under color of state law as an employee of ST ANNE.

128. At all times herein mentioned, GRUHN was acting under color of state law as an employee of ST ANNE.

129. At all times herein mentioned, PILLSWORTH was acting under color of state law as an employee of ST ANNE.

130. At all times herein mentioned, EGE was acting under color of state law as an employee of ST ANNE.

131. At all times herein mentioned, JOHNSON was acting under color of state law as an employee of the State of New York.

132. At all times herein mentioned, JANE DOE #1 was acting under color of state law as an employee of State of New York.

133. Plaintiff was placed in ST ANNE for rehabilitation and habilitation.

134. Upon information and belief ST ANNE through its' staff counselor GRAHAM maintained an environment that prohibited any rehabilitation/habilitation by the plaintiff.

135. At all times relevant hereto ST ANNE through its' staff counselors and staff had the duty to and the responsibility of maintaining an environment free of illegal drugs and sexual pressures.

136. That at all times relevant hereto ST ANNE through its' staff counselors and staff had the duty to and the responsibility of distributing prescription drugs as necessary to its residents.

137. That at all times relevant hereto ST ANNE through its' staff counselors and staff had the duty to and the responsibility of monitoring its residents use of all prescription drugs.

138. Upon information and belief the residents of ST ANNE freely traded and used prescription drugs distributed to the residents of ST ANNE due to the actions and inactions of its counselors and staff.

139. Upon information and belief ST ANNE through its' staff counselors and staff action and inaction created an atmosphere in which residents had sexual access to each other.

140. Upon information and belief ST ANNE through its' staff counselors and staff had the duty and the responsibility of securing monitoring the persons in its care.

141. Upon information and belief CHARLES GRAHAM removed the plaintiff from the grounds of ST ANNE for the purposes of consuming alcohol, utilizing illegal drugs and for sexual exploitation.

142. Upon information and belief ST ANNE through its' staff counselors and staff had the duty to and the responsibility of treating the mental health of its' residents.

143. Upon information and belief ST ANNE through its' staff counselors and staff engaged in a course of conduct which was harassing and abusive to the plaintiff.

144. That all of the foregoing acts of sexual transgressions, exposures to drugs, alcohol and mistreatment of the plaintiff were caused solely and wholly through the defendants' negligence, deliberate indifference, malice in their failure to employ, investigate, establish or have in force the necessary, adequate, reasonable and sufficient procedures in place at defendant

SUFFOLK, its agencies, and at defendant ST ANNE so that said acts would have been avoided, prevented and/or remedied prior to the causation of Plaintiffs' harm.

145. Pursuant to the New York State General Municipal Law, Plaintiff served a Notice of Claim upon SUFFOLK, which by Order of the Supreme Court of New York, SUFFOLK County, dated December 12, 2002, was deemed to be in compliance with the 90 day statutory period, giving Notice of these claims to the extent required by Law.

146. Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiff appeared for a hearing that was conducted on behalf of SUFFOLK, on April 14, 2003.

147. Over thirty days (30) has since expired without SUFFOLK remedying, settling or adjusting this claim.

## I
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR SEXUAL ASSAULT (1983) AGAINST CHARLES GRAHAM

148. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

149. CARLA did not consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

150. GRAHAM had a legal duty of care to protect plaintiff CARLA and keep her free from harm and provide for her safety.

151. CARLA was not capable, legally or otherwise, to consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

152. CARLA was forced and coerced into participating in the sexual acts of rape and sodomy that were performed by GRAHAM.

153. As a result of GRAHAM'S conduct and violation of his duty of care, CARLA'S liberty interests under the fourth and fourteenth amendments of the United States Constitution to be free from arbitrary, harmful and egregious intrusions of her bodily integrity by governmental agents, was violated.

154. The acts of GRAHAM were conducted under the color of state law within the purview of 42 U.S.C. § 1983, and CARLA has suffered damages therefrom.

155. As a proximate result of GRAHAM'S actions, CARLA was greatly humiliated, injured, violated and has suffered great physical and mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), plus punitive damages and attorney's fees.

## II
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR SEXUAL ASSAULT (Pendant) AGAINST CHARLES GRAHAM

156. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

157. GRAHAM had a legal duty to protect CARLA and keep her free from harm and provide for her safety.

158. CARLA did not consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

159. CARLA was not capable, legally or otherwise, to consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

160. Plaintiff was forced and coerced into participating in the sexual acts of rape and sodomy that were performed by GRAHAM.

161. As a result of the conduct of GRAHAM and violation of his duty of care, CARLA suffered an assault under New York State common law, and has suffered damages therefrom.

162. As a proximate result of GRAHAM'S actions, CARLA was greatly humiliated, injured, violated and has suffered great physical and mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), plus punitive damages.

## III
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR IMPROPER HIRING, FAILURE TO INVESTIGATE, FAILURE TO SUPERVISE, AND FAILURE TO TRAIN TO PREVENT PHYSICAL AND MENTAL ABUSE (Monell) AGAINST ST ANNE

163. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

164. Upon information and belief, it was the custom, policy and practice of ST ANNE to conduct inadequate investigations and/or fail to conduct investigations into the criminal, psychological and mental background of its employees to prevent physical abuse of its residents.

165. Upon information and belief, it was the custom, policy and practice of ST ANNE to ignore, tolerate, condone, and encourage constitutional violations, such as those alleged by plaintiff in failing to supervise properly, punish, charge, reprimand, supervise, and investigate allegations and incidents of physical abuse of its residents.

166. ST ANNE failed to employ sufficient personnel, maintain appropriate housing facilities or sufficient technological devices to properly supervise and monitor its employees, facility and wards.

167. That due to the actions and inactions of ST ANNE as set forth herein, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by ST. ANNE.

168. That solely due to its negligent, reckless and careless customs, policies, and practices and through its failure to adequately conduct background checks, it's inadequate facilities, failure to supervise, train and reprimand its employees, agents and servants ST ANNE caused the injuries to CARLA through the actions of GRAHAM.

169. ST ANNE is therefore liable for violations of plaintiff's constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

170. As a proximate result of ST ANNE"S actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

## IV
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR SEXUAL ASSAULT THROUGH THE DOCTRINE OF RESPONDEAT SUPERIOR (Pendant) AGAINST ST ANNE

172. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

173. CARLA did not consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

174. CARLA was not capable, legally or otherwise, to consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

175. CARLA was forced and coerced into participating in the sexual acts of rape and sodomy that were performed by GRAHAM.

176. That said actions of Graham were done in the scope of his employment, duties and responsibilities for defendant, ST ANNE.

177. As a result of the conduct of GRAHAM, CARLA suffered an assault under New York State common law, and plaintiff has suffered damages therefrom.

178. As an employer, ST ANNE is vicariously liable for the conduct of its employee, GRAHAM, under the doctrine of respondeat superior.

179. As a proximate result ST. ANNE'S actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00).

**V**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR NEGLIGENCE (Pendant)**
**AGAINST ST ANNE**

180. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

181. That ST. ANNE had a legal duty to provide for the safety for its wards, to provide adequate investigations of abuse, supervision and monitoring of its premises and employees.

182. Upon information and belief, ST ANNE failed to conduct adequate investigations into the criminal, psychological and mental background of its employees.

183. ST ANNE failed to employ sufficient personnel and sufficient technological devices to properly supervise, manage and control its employees, facility and wards.

184. That solely due to the negligence, carelessness and recklessness of ST ANNE in violation of its duty of care GRAHAM and other St. Anne's employees were aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by ST. ANNE.

185. By failing to adequately conduct background checks, failure to supervise, train, manage, control and reprimand its employees ST ANNE caused the injuries to CARLA through the actions of GRAHAM and others.

186. ST ANNE is therefore liable for violations of CARLA'S rights as caused by GRAHAM and other employees as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

187. As a proximate result of ST. ANNE'S negligence, CARLA was greatly humiliated, physically and mentally injured, violated and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

**VI**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR NEGLIGENCE (Pendant) AGAINST**
**RICHARD RICCIO, ELECIA RATTRAY, IVY GIBSON, MARY MULCHY**
**DOUGLAS WILSON, CYNTHIA LANDRY,**
**TERRY BOLAND, "JANE" O' KEEFE, KELLY POTTS, ANNE RYAN**

188. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

189. RICCIO, RATTRAY, GIBSON, WILSON, MULCHY, LANDRY, BOLAND O' KEEFE, POTTS and RYAN had a duty to provide for the safety of the wards of ST ANNE, and

to investigate the backgrounds of its employees, to ensure that ST ANNE was sufficiently staffed and that its employees were adequately trained.

190. Upon information and belief, RICCIO failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

191. Upon information and belief RICCIO failed to employ sufficient adequately trained personnel, sufficient technological devices and maintain adequate housing facilities to properly supervise his wards.

192. That due to the negligent, reckless and careless actions and practices of RICCIO, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by RICCIO.

193. That due to the defendant, RICCIO'S violation of his duty of care and failure to adequately conduct background checks, failure to supervise, train, manage, control and reprimand his employees, RICCIO caused the injuries to CARLA through the actions of GRAHAM.

194. RICCIO is therefore liable for the injuries sustained by CARLA as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

195. Upon information and belief, RATTRAY failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

196. Upon information and belief RATTRAY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

197. Upon information and belief RATTRAY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

198. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by RATTRAY.

199. RATTRAY failed to monitor, control, supervise, protect and care for CARLA, as to prevent the physical and mental abuse she sustained by GRAHAM

200. RATTRAY violated her duty of care including but not exclusively in failing to adequately conduct background checks, failure to supervise, train and reprimand such employees RATTRAY caused the injuries to plaintiff through the actions of GRAHAM.

201. RATTRAY is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

202. Upon information and belief, WILSON failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

203. WILSON failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

204. WILSON failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

205. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by WILSON.

206. WILSON violated his duty of care including but not exclusively failing to adequately conduct background checks, failure to supervise, train and reprimand such employees WILSON caused the injuries to plaintiff through the actions of GRAHAM.

207. WILSON failed to monitor, control, supervise, protect and care for CARLA as to prevent the physical and mental abuse she sustained by GRAHAM.

208. WILSON is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

209. Upon information and belief, GIBSON failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

210. GIBSON failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

211. GIBSON failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

212. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by GIBSON.

213. GIBSON violated her duty of care including but not exclusively failing to adequately conduct background checks, failure to supervise, train and reprimand such employees GIBSON caused the injuries to plaintiff through the actions of GRAHAM.

214. GIBSON failed to monitor, control, supervise, protect and care for CARLA as to prevent the physical and mental abuse she sustained by GRAHAM.

215. GIBSON is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

216. Upon information and belief, LANDRY failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

217. LANDRY failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

218. LANDRY failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

219. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by LANDRY.

220. LANDRY failed to monitor, control, supervise, protect and care for CARLA as to prevent the physical and mental abuse she sustained by GRAHAM.

221. LANDRY violated her duty of care including but not exclusively by failing to adequately conduct background checks, failure to supervise, train and reprimand such employees LANDRY caused the injuries to plaintiff through the actions of GRAHAM.

222. LANDRY is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

223. Upon information and belief, BOLAND failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

224. BOLAND failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

225. BOLAND failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

226. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by BOLAND.

227. BOLAND violated her duty of care including but not exclusively by failing to monitor, control, supervise, protect and care for CARLA, as to prevent the physical and mental abuse she sustained by GRAHAM.

228. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees BOLAND caused the injuries to plaintiff through the actions of GRAHAM.

229. BOLAND is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

230. Upon information and belief, RYAN failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

231. RYAN failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

232. RYAN failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

233. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by RYAN.

225. RYAN failed to monitor, control, supervise, protect and care for CARLA, as to prevent the physical and mental abuse she sustained by GRAHAM.

226. RYAN violated her duty of care including but not exclusively by failing to adequately conduct background checks, failure to supervise, train and reprimand such employees RYAN caused the injuries to plaintiff through the actions of GRAHAM.

227. RYAN is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

230. Upon information and belief, RYAN failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

231. RYAN failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

232. RYAN failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

233. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by RYAN.

234. POTTS failed to monitor, control, supervise, protect and care for CARLA, as to prevent the physical and mental abuse she sustained by GRAHAM.

235. POTTS violated her duty of care including but not exclusively by failing to adequately conduct background checks, failure to supervise, train and reprimand such employees POTTS caused the injuries to plaintiff through the actions of GRAHAM.

236. POTTS is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

237. Upon information and belief, O' KEEFE failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

238. O' KEEFE failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

239. O' KEEFE failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

240. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by O'KEEFE.

241. O' KEEFE failed to monitor, control, supervise, protect and care for CARLA, as to prevent the physical and mental abuse she sustained by GRAHAM.

242. O' KEEFE violated her duty of care including but not exclusively by failing to adequately conduct background checks, failure to supervise, train and reprimand such employees RYAN caused the injuries to plaintiff through the actions of GRAHAM.

243. O'KEEFE is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

244. Upon information and belief, MULCHY failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

245. MULCHY failed to employ sufficient personal and sufficient technological devices to properly supervise his wards.

246. MULCHY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

247 MULCHY violated her duty of care including but not exclusively by failing to adequately conduct background checks, failure to supervise, train and reprimand such employees POTTS caused the injuries to plaintiff through the actions of GRAHAM.

248. MULCHY failed to monitor, control, supervise, protect and care for CARLA, as to prevent the physical and mental abuse she sustained by GRAHAM.

249. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees MULCHY caused the injuries to plaintiff through the actions of GRAHAM.

250. MULCHY is therefore liable for violations of plaintiff's rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

251. As a proximate result of each Defendants', RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, POTTS, O'KEEFE and RYAN'S negligence, Plaintiff CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

## VII

## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR FAILURE TO INTERVENE, FAILURE TO SUPERVISE, IMPROPER HIRING, FAILURE TO INVESTIGATE THE SEXUAL ASSAULT OF THE PLAINTIFF (1983) AGAINST RICHARD RICCIO, ELECIA RATTRAY, IVY GIBSON,DOUGLAS WILSON, CYNTHIA LANDRY,TERRY BOLAND, "JANE O' KEEFE, KELLY POTTS, MARY MULCHY and ANN RYAN

252. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

253. Upon information and belief, RICCIO failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

254. RICCIO failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

255. Due to the actions and inactions of RICCIO, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by RICCIO.

254. RICCIO, individually and in concert with others, intentionally, recklessly and negligently failed to institute the necessary and reasonable customs, policies, practices and procedures, failed to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted reckless and unreasonable practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

255. That as a result of the actions and inactions of RICCIO as set forth herein, RICCIO caused the injuries to plaintiff through the actions of GRAHAM.

256. RICCIO is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

257. Upon information and belief, RATTRAY failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

258. RATTRAY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

259. Due to the actions and inactions of RICCIO, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by RATTRAY.

260. RATTRAY, individually and in concert with others, intentionally, recklessly and negligently failed to institute necessary and reasonable policies, practices and procedures, failed report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

261. That as a result of the actions and inactions of RATTRAY as set forth herein RATTRAY caused the injuries to plaintiff through the actions of GRAHAM.

262. RATTRAY is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

261. Upon information and belief, GIBSON failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

262. GIBSON failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

263. That as result of the actions and inactions of GIBSON as set forth herein, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by GIBSON.

264. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees GIBSON caused the injuries to plaintiff through the actions of GRAHAM.

265. GIBSON, individually and in concert with others, intentionally, recklessly and negligently failed to institute necessary and reasonable policies, practices and procedures, report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

266. GIBSON is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

267. Upon information and belief, WILSON failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

268. WILSON failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

269. Due to the actions and inactions of WILSON, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by WILSON.

270. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees WILSON caused the injuries to CARLA through the actions of GRAHAM.

271. WILSON, individually and in concert with others, intentionally, recklessly and negligently failed to institute necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy

abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

272. WISLON is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

273. Upon information and belief, LANDRY failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

274. LANDRY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

275. Due to the actions and inactions of LANDRY, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by LANDRY.

276. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees LANDRY caused the injuries to CARLA through the actions of GRAHAM.

277. LANDRY, individually and in concert with others, intentionally, recklessly and negligently failed to institute necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

278. LANDRY is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

279. Upon information and belief, BOLAND failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

280. BOLAND failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

281. Due to the actions and inactions of BOLAND, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by BOLAND.

282. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees BOLAND caused the injuries to plaintiff through the actions of GRAHAM.

283. BOLAND, individually and in concert with others, intentionally, recklessly and negligently failed institute necessary and reasonable polices, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

284. BOLAND is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

285. Upon information and belief, RYAN failed to conduct adequate investigations, make inquiries into the criminal, psychological and mental background of ST ANNE'S employees.

286. RYAN failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

287. Due to the actions and inactions of RYAN, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by RYAN.

288. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees RYAN caused the injuries to CARLA through the actions of GRAHAM.

289. RYAN, individually and in concert with others, intentionally, recklessly and negligently failed institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

290. RYAN is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

291. Upon information and belief, POTTS failed to conduct adequate investigations, make inquiries into the criminal, psychological and mental background of ST ANNE'S employees.

292. POTTS failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

293. Due to the actions and inactions of POTTS, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by POTTS.

294. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees POTTS caused the injuries to CARLA through the actions of GRAHAM.

295. POTTS, individually and in concert with others, intentionally, recklessly and negligently failed institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

296. POTTS is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

297. Upon information and belief, O' KEEFE failed to conduct adequate investigations, make inquiries into the criminal, psychological and mental background of ST ANNE'S employees.

298. O' KEEFE failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

299. Due to the actions and inactions of O' KEEFE, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by O' KEEFE.

300. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees O' KEEFE caused the injuries to CARLA through the actions of GRAHAM.

301. O' KEEFE, individually and in concert with others, intentionally, recklessly and negligently failed institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

302. O' KEEFE is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

303. Upon information and belief, MULCHY failed to conduct adequate investigations, make inquiries into the criminal, psychological and mental background of ST ANNE'S employees.

304. MULCHY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

305. Due to the actions and inactions of MULCHY, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by MULCHY.

306. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees MULCHY caused the injuries to CARLA through the actions of GRAHAM.

307. MULCHY, individually and in concert with others, intentionally, recklessly and negligently failed institute necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy

abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

308. MULCHY is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

309. As a proximate result of RICCIO, RATTRAY, GIBSON, WILSON, LANDRY, BOLAND, POTTS, MULCHY, O'KEEFE and RYAN'S action and inaction, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

**VIII**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR FAILURE TO INTERVENE, FAILURE TO SUPERVISE, IMPROPER HIRING, FAILURE TO INVESTIGATE THE SEXUAL ASSAULT OF THE PLAINTIFF (1983)**
**AGAINST HICKEY, IARIA, GRUHN, ANNEMARIE PILLSWORTH, JANE DOE 1, EGE, JOHNSON**

310. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

311. Upon information and belief, HICKEY failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees and staff.

312. HICKEY failed to employ sufficient personnel and sufficient technological devices to properly supervise his employees.

313. HICKEY failed to employ sufficient personnel and sufficient technological devices to properly supervise his wards.

314. Due to the actions and inactions of HICKEY, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by HICKEY.

315. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees HICKEY caused the injuries to CARLA through the actions of GRAHAM.

316. HICKEY, individually and in concert with others, intentionally, recklessly and negligently failed institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

317. HICKEY is therefore liable for violations of plaintiff's constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

318. Upon information and belief, IARIA failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

319. IARIA failed to employ sufficient personnel and sufficient technological devices to properly supervise the employees, agents staff and wards of defendant SUFFOLK and defendant ST ANNE.

320. Due to the actions and inactions of IARIA, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by IARIA.

321. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees IARIA caused the injuries to CARLA through the actions of GRAHAM.

322. IARIA, individually and in concert with others, intentionally, recklessly and negligently failed institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

323. IARIA is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

324. Upon information and belief, GRUHN failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

325. GRUHN failed to employ sufficient personnel and sufficient technological devices to properly supervise the employees, agents, staff and wards of defendant SUFFOLK and defendant ST ANNE.

326. Due to the actions and inactions of GRUHN, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by GRUHN.

327. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees GRUHN caused the injuries to CARLA through the actions of GRAHAM.

328. GRUHN, individually and in concert with others, intentionally, recklessly and negligently failed institute necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

329. GRUHN is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

330. Upon information and belief, PILLSWORTH failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

331. PILLSWORTH failed to employ sufficient personnel and sufficient technological devices to properly supervise the employees, agents, staff and wards of defendant SUFFOLK and defendant ST ANNE.

332. GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by PILLSWORTH.

333. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees PILLSWORTH caused the injuries to CARLA through the actions of GRAHAM.

334. PILLSWORTH, individually and in concert with others, intentionally, recklessly and negligently failed to institute necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored

physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

335. PILLSWORTH is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

336. Upon information and belief, "JANE DOE 1" failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

337. "JANE DOE 1" failed to compel ST ANNE to employ sufficient personnel and sufficient technological devices to properly supervise the employees, agents, staff and wards of defendant SUFFOLK and defendant ST ANNE.

338. Due to the actions and inactions of "JANE DOE 1", GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by "JANE DOE 1".

339. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees "JANE DOE 1" caused the injuries to CARLA through the actions of GRAHAM.

340. "JANE DOE 1", individually and in concert with others, intentionally, recklessly and negligently failed institute necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

341. "JANE DOE 1" is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

342. Upon information and belief, EGE failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

343. EGE failed to compel ST ANNE to employ sufficient personnel and sufficient technological devices to properly supervise the employees, agents, staff and wards of defendant SUFFOLK and defendant ST ANNE.

344. Due to the actions and inactions of EGE, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by EGE.

345. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees EGE caused the injuries to CARLA through the actions of GRAHAM.

346. EGE, individually and in concert with others, intentionally, recklessly and negligently failed to institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

347. EGE is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

348. Upon information and belief, JOHNSON failed to conduct adequate investigations into the criminal, psychological and mental background of ST ANNE'S employees.

349. JOHNSON failed to compel ST ANNE to employ sufficient personnel and sufficient technological devices to properly supervise the employees, agents, staff and wards of defendant SUFFOLK and defendant ST ANNE.

350. Due to the actions and inactions of JOHNSON, GRAHAM was aware that his action would go unnoticed, unsupervised, unobserved and uninvestigated by JOHNSON.

351. By failing to adequately conduct background checks, failure to supervise, train and reprimand such employees JOHNSON caused the injuries to CARLA through the actions of GRAHAM.

352. JOHNSON, individually and in concert with others, intentionally, recklessly and negligently failed to institute the necessary and reasonable policies, practices and procedures to report suspicious behavior, failed to investigate allegations of sexual abuse, deliberately ignored physical and mental abuse of CARLA, failed to take precautions to avoid, prevent or remedy abuses by other ST. ANNE employees and instituted in practices, policies and procedures which were the cause of the constitutional and tortuous transgressions against CARLA.

353. JOHNSON is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

354. As a proximate result of HICKEY, IARIA, GRUHN, PILLSWORTH, "JANE DOE 1", EGE, JOHNSON'S actions and inactions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in an amount to be

provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

**IX**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR IMPROPER HIRING, FAILURE TO INVESTIGATE, FAILURE TO SUPERVISE,**
**AND FAILURE TO TRAIN (Monell) AGAINST SUFFOLK**

355. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

356. Upon information and belief, it was the custom, policy and practice of SUFFOLK to conduct inadequate investigations and/or to fail to conduct investigations into the criminal, psychological and mental background of its employees or compel ST ANNE to do so.

357. Upon information and belief, it was the custom, policy and practice of SUFFOLK to ignore, tolerate, condone, and encourage constitutional violations, such as those alleged by plaintiff in failing to properly, adequately, reasonably supervise, punish, charge, reprimand, supervise, and investigate allegations and incidents.

358. SUFFOLK failed to compel ST ANNE to employ sufficient personnel, maintain proper housing facilities and sufficient technological devices to properly supervise its employees and wards.

359. That due to the actions and inactions of SUFFOLK as set forth herein, GRAHAM was aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by defendants.

360. That due to its negligent, careless and reckless policies, procedures and practices and through it failure to compel ST ANNE to adequately conduct background checks, failure to

supervise, train and reprimand such employees, SUFFOLK caused the injuries to CARLA through the actions of GRAHAM.

361. SUFFOLK is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM as described in more detail in the foregoing paragraphs, and CARLA has suffered damages therefrom.

362. As a proximate result of SUFFOLK'S intentional, reckless, deliberately indifferent and malicious actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

**X**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR SEXUAL ASSAULT (Pendant)**
**AGAINST SUFFOLK, HICKEY, IARIA, PILLSWORTH, GRUHN, and EGE**

363. CARLA repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

364. CARLA did not consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

365. CARLA was not capable, legally or otherwise, to consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

366. That as a result of the herein mentioned facts CARLA was forced and coerced into participating in the sexual acts of rape and sodomy that were performed by GRAHAM.

367. As a result of the conduct of GRAHAM, CARLA suffered an assault under New York State common law, and plaintiff has suffered damages therefrom.

368. That all times relevant to these causes of action, SUFFOLK'S agents, servants or employees were assigned and delegated the duty of care, custody and control of CARLA to ST. ANNE and its employees.

369. As CARLA was in the care, custody and control of SUFFOLK, the defendants, SUFFOLK, IARIA, EGE, PILLSWORTH AND GRUHN, AND HICKEY are vicariously liable for the actions and inactions of ST ANNE and its employees, to whom CARLA'S care and custody had been placed.

370. As a proximate result of SUFFOLK, HICKEY, IARIA, PILLSWORTH, GRUHN and EGE'S intentional and malicious actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00).

**XI**
**AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR FAILURE TO PROVIDE ADEUQUATE MEDICAL TREATMENT AND DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S MEDICAL NEEDS PURSUANT TO 42 U.S.C. SECTION 1983 (Monell) AGAINST ST. ANNE'S**

371. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

372. Defendant ST. ANNE through its policies, practices and procedures and through its agents, servants or employees created an environment that permitted the plaintiff and other residents of ST ANNE access to illegal drugs.

373. CARLA was placed in ST ANNE for rehabilitation and habilitation.

374. Upon information and belief ST ANNE maintained, caused and failed to remedy an environment that prohibited adequate rehabilitation/habilitation by the CARLA.

375. ST ANNE was charged with the responsibility and had a duty to maintain an environment free of illegal drugs and sexual pressures.

376. ST ANNE was charged with the responsibility and had the duty of distributing prescription drugs as necessary to its residents.

377. ST ANNE was charged with the responsibility and had the duty to monitor its residents use of all prescription drugs.

378. Upon information and belief ST ANNE, due to its negligence, recklessness, and deliberate indifference caused and failed to remedy an atmosphere in which residents freely traded and used prescription drugs distributed to the residents of ST ANNE due to its policies practices and procedures or lack thereof.

379. Upon information and belief ST ANNE, due to its negligence, recklessness, deliberate indifference caused and failed to remedy an atmosphere in which residents had sexual access to each other.

380. Upon information and belief ST ANNE was charged with the responsibility securing monitoring and protecting the persons in its care.

381. Upon information and belief the CARLA was removed from the grounds of ST ANNE for the purposes of consuming alcohol, utilizing illegal drugs and for sexual exploitation.

382. Upon information and belief ST. ANNE was charged with the responsibility and had the duty of treating the mental health of its residents and persons in its care.

383. Upon information and belief ST. ANNE the policies, practices and procedures of ST ANNE caused harassment and abuse of the plaintiff.

384. As a result of the conduct of ST ANNE, CARLA'S liberty interests and due process rights, under the Fourth, Fifth, Eighth and Fourteenth amendments of the United States

Constitution, CARLA did not receive adequate medical care and that the ST ANNE acted with deliberate indifference to his serious medical needs and her physical and mental well being.

385. The acts of ST ANNE were conducted under the color of state law within the purview of 42 U.S.C. § 1983, and plaintiff has suffered damages therefrom.

386. As a proximate result of Defendants' intentional and malicious actions, CARLA was greatly humiliated, injured, violated and has suffered great mental and physical anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), plus punitive damages and attorney's fees.

**XII**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT AND DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S MEDICAL NEEDS PURSUANT TO 42 U.S.C. SECTION 1983 AGAINST RICCIO, ELECIA RATTRAY, IVY GIBSON, DOUGLAS WILSON, CYNTHIA LANDRY, TERRY BOLAND, O'KEEFE, POTTS, MULCHY and ANN RYAN**

387. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

388. Defendants RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN'S through his/her actions or inactions individually, and/or their action and inaction in concert created an environment that permitted the CARLA and other residents of ST ANNE access to illegal drugs.

389. CARLA was placed in ST ANNE for rehabilitation and habilitation.

390. Upon information and belief due to the actions and inactions of defendants, RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE,

POTTS and RYAN maintained an environment that prohibited adequate rehabilitation/habilitation by the CARLA.

391. RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN were charged with the responsibility to maintain an environment free of illegal drugs and sexual pressures.

392. RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN were charged with the responsibility of distributing prescription drugs as necessary to its residents.

393. RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, and RYAN were charged with the responsibility of monitoring its residents use of all prescription drugs.

394. Upon information and belief the residents of ST ANNE due to the actions and inactions of RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, and RYAN freely traded and used prescription drugs distributed to the residents of ST ANNE due to its policies practices and procedures or lack thereof.

395. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN through their negligence, recklessness and deliberate indifference created an atmosphere in which residents had sexual access to each other.

396. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O'KEEFE, POTTS and RYAN was charged with the responsibility and had the duty of securing monitoring and protecting the persons in its care.

397. Upon information and belief CARLA was removed from the grounds of ST. ANNE for the purposes of consuming alcohol, utilizing illegal drugs and sexual pleasure.

398. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN was charged with the responsibility and duty of treating the mental health of its' residents.

399. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN's the practices or lack thereof caused the physical and mental harassment of the CARLA.

400. As a result of the conduct of ST ANNE, CARLA'S liberty interests and due process rights were violated, under the Fourth, Fifth, Eighth and Fourteenth amendments of the United States Constitution, CARLA did not receive adequate medical care and that the RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN acted with deliberate indifference to her serious medical needs and her physical and mental well being.

401. The acts of RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN were conducted under the color of state law within the purview of 42 U.S.C. § 1983, and CARLA has suffered damages therefrom.

402. As a proximate result of RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN's reckless, deliberately indifferent, negligent, intentional and malicious actions, Plaintiff was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), plus punitive damages and attorney's fees.

## XIII
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR NEGLIGENCE (Pendant) AGAINST SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH, EGE

403. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

404. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH, and EGE were responsible for the care, custody and safety of CARLA.

405. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH, and EGE were under a duty to place CARLA within a facility capable of giving her the care and security required by the New York State Law and Rules for the Department of Social Services.

406. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH, and EGE failed to examine the St Anne Institute, including its history, employees and programs.

407. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH, and EGE failed to monitor the programs an' ·tivities of the children, including CARLA, for whom they were responsible and who were sent to the ST. ANNE Institute.

408. In or about 2001, it had became known that children from the ST. ANNE Institute were being abused by staff members.

409. After being placed on notice of this abuse, the SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH, and EGE failed to take adequate measures to prevent further harm to the children they were responsible for, including CARLA, by correcting such abuse including removing CARLA and placing her in a duly accredited care facility.

410. As plaintiff was in the care, custody and control of SUFFOLK, the defendants, SUFFOLK, IARIA, PILLSWORTH, GRUHN, EGE AND HICKEY are vicariously liable for the actions and inactions of ST ANNE and its employees, to whom CARLA'S care and custody had been placed.

411. As a proximate result of Defendant's negligent actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00).

## XIV
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT AND DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S MEDICAL NEEDS PURSUANT TO 42 U.S.C. SECTION 1983 AGAINST CHARLES GRAHAM

412. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

413. Defendant GRAHAM through his action and inaction created an environment that permitted the plaintiff and other residents of ST. ANNE access to illegal drugs.

414. Plaintiff was placed in ST. ANNE for rehabilitation and habilitation.

415. Upon information and belief ST. ANNE through its' staff counselor GRAHAM maintained an environment that prohibited adequate rehabilitation/habilitation by the plaintiff.

416. GRAHAM was charged with the responsibility to maintain an environment free of illegal drugs and sexual pressures.

417. GRAHAM was charged with the responsibility of distributing prescription drugs as necessary to its residents.

418. GRAHAM was charged with the responsibility of monitoring its residents use of all prescription drugs.

419. Upon information and belief ST. ANNE freely traded and used prescription drugs distributed to the residents of ST ANNE due to the actions and inactions of GRAHAM.

420. Upon information and belief GRAHAM's action and inaction created an atmosphere in which residents had sexual access to each other.

421. Upon information and belief GRAHAM was charged with the responsibility and had the duty of securing and monitoring the persons in its care.

422. Upon information and belief GRAHAM removed CARLA from the grounds of ST. ANNE for the purposes of consuming alcohol, utilizing illegal drugs and sexual exploitation.

423. Upon information and belief GRAHAM was charged with the responsibility of treating the mental health of its residents.

424. Upon information and belief GRAHAM engaged in a course of conduct which was harassing and abusive to CARLA.

425. As a result of the conduct of GRAHAM, CARLA'S liberty interests and due process rights under the Fourth, Fifth, Eighth and Fourteenth amendments of the United States Constitution, CARLA did not receive adequate medical care and that the ST ANNE counselor GRAHAM acted with deliberate indifference to her serious medical needs and her physical and mental well being.

426. The acts of GRAHAM were conducted under the color of state law within the purview of 42 U.S.C. § 1983, and plaintiff has suffered damages therefrom.

427. As a proximate result of Defendants' intentional and malicious actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), plus punitive damages and attorney's fees.

**XV**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR INADEQUATE MEDICAL TREATMENT AND INADEQUATE CARE (Pendant)**
**AGAINST CHARLES GRAHAM**

428. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

479. Defendant GRAHAM through his action and inaction created an environment that permitted CARLA and other residents of ST ANNE access to illegal drugs.

480. CARLA was not capable, legally or otherwise, to consent to any of the sexual acts of rape and sodomy that were performed by GRAHAM.

481. CARLA was placed in ST ANNE for rehabilitation and habilitation.

482. Upon information and belief GRAHAM maintained an environment that prohibited any rehabilitation/habilitation by the plaintiff.

483. GRAHAM was charged with the responsibility to maintain an environment free of illegal drugs and sexual pressures.

484. GRAHAM was charged with the responsibility of distributing prescription drugs as necessary to its residents.

485. GRAHAM was charged with the responsibility of monitoring its residents use of all prescription drugs.

486. Upon information and belief the residents of ST ANNE freely traded and used prescription drugs distributed to the residents of ST ANNE due to the actions and inactions of GRAHAM.

487. Upon information and belief GRAHAM's action and inaction created an atmosphere in which residents had sexual access to each other.

488. Upon information and belief GRAHAM was charged with the responsibility of securing, monitoring and protecting the persons in its care.

489. Upon information and belief GRAHAM removed the plaintiff from the grounds of ST ANNE for the purposes of consuming alcohol, utilizing illegal drugs and for sexual exploitation.

490. Upon information and belief GRAHAM was charged with the responsibility treating the mental health of its residents.

491. Upon information and belief GRAHAM engaged in a course of conduct which was harassing and abusive to the plaintiff.

492. As a result of the conduct of GRAHAM, CARLA did not receive adequate medical care and the ST. ANNE counselor GRAHAM acted with deliberate indifference to CARLA'S serious medical needs and her physical and mental well being.

493. As a result of the conduct of GRAHAM, CARLA suffered under New York State common law, and CARLA has suffered damages therefrom.

494. As a proximate result of GRAHAM'S actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), plus punitive damages.

## XVI
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR IMPROPER HIRING, FAILURE TO SUPERVISE, AND FAILURE TO TRAIN TO ENSURE THE RESIDENTS OF ST ANNE RECEIVED ADEQUATE MEDICAL TREATMENT TO PREVENT NEGLIGENT CARE(Monell) AGAINST SUFFOLK

495. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

496. ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's were charged with the responsibility and had the duty to maintain an environment free of illegal drugs and sexual pressures.

497. ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's were charged with the responsibility and had the duty of distributing prescription drugs as necessary to its residents.

498. ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's were charged with the responsibility and had the duty of monitoring its residents use of all prescription drugs.

499. Upon information and belief, it was the custom, policy and practice of SUFFOLK to conduct inadequate investigations into the criminal, psychological and mental background of the employees of the facilities where their wards were housed.

500. Upon information and belief, it was the custom, policy and practice of SUFFOLK to ignore, tolerate, condone, and encourage constitutional violations, such as those alleged by CARLA in failing to properly supervise punish, charge, reprimand, and investigate allegations and incidents.

501. SUFFOLK failed to compel ST. ANNE to employ sufficient personnel, proper housing facilities and sufficient technological devices to properly supervise its employees and wards.

502. The employees of ST ANNE, including but not exclusively GRAHAM, were aware that their actions would go unnoticed, unsupervised, unobserved and uninvestigated by SUFFOLK.

503. By failing to adequately conduct background checks, failure to supervise, train and reprimand such ST ANNE employees, SUFFOLK caused the injuries to CARLA through the actions and inactions of the employees of ST ANNE.

504. SUFFOLK is therefore liable for violations of CARLA'S constitutional rights as caused by GRAHAM and other employees of ST. ANNE as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

505. SUFFOLK through is policies and procedures allowed defendant GRAHAM and other ST. ANNE employee's through their action and inaction to create an environment that permitted CARLA and other residents of ST ANNE access to illegal drugs.

506. Upon information and belief SUFFOLK through is policies, practices and procedures allowed ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's to maintain an environment that prohibited any rehabilitation/habilitation by the plaintiff.

507. Upon information and belief the residents of ST ANNE freely traded and used prescription drugs distributed to the residents of ST ANNE due to the actions and inactions of GRAHAM and other ST ANNE employee's.

508. Upon information and belief SUFFOLK through is policies, practices and procedures allowed ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's action and inaction to create an atmosphere in which residents had sexual access to each other.

509. Upon information and belief ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's were charged with the responsibility securing monitoring the persons in its care.

510. Upon information and belief SUFFOLK through is policies, practices and procedures allowed GRAHAM to remove the plaintiff from the grounds of ST ANNE for the purposes of consuming alcohol, utilizing illegal drugs and for his own sexual pleasure.

511. Upon information and belief ST ANNE through its' staff counselor GRAHAM and other ST ANNE employee's were charged with the responsibility and had the duty of treating the mental health of its' residents.

512. Upon information and belief SUFFOLK through is policies and procedures allowed ST ANNE through its' staff counselor GRAHAM to engage in a course of conduct which was harassing and abusive to the plaintiff.

513. SUFFOLK through is policies, practices and procedures allowed ST ANNE counselor GRAHAM and other ST ANNE employee's to act with deliberate indifference to her serious medical needs and her physical and mental well being.

514. As a proximate result of Suffolk's actions, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

**XVII**
**AS AND FOR PLAINTIFF CARLA'S**
**CLAIM FOR RELIEF FOR INADEQUATE MEDICAL TREATMENT AND NEGLIGENT CARE THROUGH THE DOCTRINE OF RESPONDEAT SUPERIOR**
**(Pendant)**
**AGAINST ST ANNE**

515. CARLA repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

516. CARLA repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

517. Defendant GRAHAM and other ST ANNE employee's through their action and inaction created an environment that permitted CARLA and other residents of ST ANNE access to illegal drugs.

518. CARLA was placed in ST ANNE for rehabilitation and habilitation.

519. Upon information and belief ST ANNE through its' staff counselor GRAHAM and other ST. ANNE employees maintained an environment that prohibited any rehabilitation/habilitation by the plaintiff.

520. ST. ANNE through its staff counselor CHARLES GRAHAM and other ST ANNE employee's were charged with the responsibility and duty to maintain an environment free of illegal drugs and sexual pressures.

521. ST. ANNE through its staff counselor GRAHAM and other ST. ANNE employees were charged with the responsibility and duty of distributing prescription drugs as necessary to its residents.

522. ST ANNE through its' staff counselor GRAHAM and other ST. ANNE employees were charged with the responsibility of monitoring its residents use of all prescription drugs.

523. Upon information and belief the residents of ST. ANNE freely traded and used prescription drugs distributed to the residents of ST. ANNE due to the actions and inactions of GRAHAM and other ST ANNE employees.

524. Upon information and belief ST. ANNE through its' staff counselor GRAHAM and other ST ANNE employee's action and inaction created an atmosphere in which residents had sexual access to each other.

525. Upon information and belief ST ANNE through its staff counselor GRAHAM and other ST. ANNE employees' action and inaction the plaintiff was subjected to a sexually charged environment.

526. Upon information and belief ST ANNE through its staff counselor GRAHAM and other ST ANNE employees were charged with the responsibility and duty of securing and monitoring the persons in its care.

527. Upon information and belief GRAHAM removed the CARLA from the grounds of ST ANNE for the purposes of consuming alcohol, utilizing illegal drugs and for sexual exploitation.

528. Upon information and belief ST ANNE through its staff counselor GRAHAM and other ST ANNE employees were charged with the responsibility of treating the mental health of its residents.

529. Upon information and belief ST ANNE through its staff counselor GRAHAM engaged in a course of conduct which was harassing and abusive to the plaintiff.

530. As a result of the conduct of GRAHAM, CARLA did not receive adequate medical care and the ST ANNE counselor GRAHAM and other ST ANNE employees acted with deliberate indifference to her serious medical needs and her physical and mental well being.

531. As an employer, ST ANNE is vicariously liable for the conduct of its employees including but not exclusively GRAHAM, under the doctrine of respondeat superior.

532. As a proximate result of ST. ANNE, CARLA was greatly humiliated, injured, violated and has suffered great mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00).

## XVIII
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR NEGLIGENCE (Pendant) AGAINST SUFFOLK

533. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

534. Upon information and belief, SUFFOLK failed to conduct adequate investigations into the criminal, psychological and mental background of its employees nor compel ST. ANNE to do such.

535. SUFFOLK failed to compel ST. ANNE to employ sufficient personnel, maintain adequate housing and sufficient technological devices to properly supervise its employees and wards and the employees and wards of ST ANNE.

536. GRAHAM and other ST ANNE employee's were aware that his actions would go unnoticed, unsupervised, unobserved and uninvestigated by SUFFOLK

537. By failing to adequately require ST. ANNE to conduct background checks, supervise its employee's, train and reprimand such employees, SUFFOLK caused the injuries to CARLA through the actions of GRAHAM and other ST ANNE employees.

538. Upon information and belief, it was the custom, policy and practice of SUFFOLK to ignore, tolerate, condone, and encourage violations of the rights of its residents, such as those alleged by plaintiff in failing to supervise properly punish, charge, reprimand, supervise, and investigate allegations and incidents.

539. SUFFOLK is therefore liable for CARLA'S injuries, as caused by GRAHAM and other ST ANNE employee's as described in more detail in the foregoing paragraphs, and plaintiff has suffered damages therefrom.

540. As a proximate result of SUFFOLK'S negligence, CARLA was greatly humiliated, injured, violated and has suffered great physical and mental anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

## XIX
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR INADEQUATE MEDICAL TREATMENT AND INADEQUATE CARE (Pendant) RICHARD RICCIO, ELECIA RATTRAY, IVY GIBSON, MARY MULCHY DOUGLAS WILSON, CYNTHIA LANDRY, TERRY BOLAND, "JANE O' KEEFE, KELLY POTTS and ANNE RYAN

541. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

542. Defendant RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN'S through his/her action or inaction individually

and/or their action and inaction in concert created an environment that permitted the plaintiff and other residents of ST ANNE access to illegal drugs.

545. Plaintiff was placed in ST ANNE for rehabilitation and habilitation.

546. Upon information and belief due to the action and inaction of defendants, RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN maintained an environment that prohibited adequate rehabilitation/habilitation by the plaintiff.

547. RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN were charged with the responsibility to maintain an environment free of illegal drugs and sexual pressures.

548. RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O'KEEFE, POTTS and RYAN were charged with the responsibility of distributing prescription drugs as necessary to its residents.

549. RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN were charged with the responsibility of monitoring its residents use of all prescription drugs.

550. Upon information and belief the residents of ST ANNE due to the actions and inactions of RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN freely traded and used prescription drugs distributed to the residents of ST ANNE due to its policies practices and procedures or lack thereof.

551. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN through their negligence,

recklessness and deliberate indifference created an atmosphere in which residents had sexual access to each other.

552. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN were charged with the responsibility and had the duty of securing monitoring and protecting the persons in their care.

553. Upon information and belief the plaintiff was removed from the grounds of ST ANNE for the purposes of consuming alcohol, utilizing illegal drugs and for GRAHAM"S own sexual pleasure.

554. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN was charged with the responsibility and duty of treating the mental health of its' residents.

555. Upon information and belief RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN's practices or lack thereof caused the physical and mental harassment of the plaintiff.

556. As a result of the conduct of RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN, plaintiff did not receive adequate medical care and that the RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, and RYAN acted with deliberate indifference to her serious medical needs and her physical and mental well being.

557. As a proximate result of RICCIO, RATTRAY, GIBSON, MULCHY, WILSON, LANDRY, BOLAND, O' KEEFE, POTTS and RYAN'S negligence, Plaintiff was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in

an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00), and attorney's fees.

## XX
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT AND NEGLIGENT CARE (Pendant) AGAINST SUFFOLK, PILLSWORTH, HICKEY, IARIA, GRUHN, and EGE

558. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

559. As plaintiff was in the care, custody and control of SUFFOLK, IARIA, GRUHN, EGE, PILLSWORTH AND HICKEY are vicariously liable for the actions and inactions of ST ANNE and its employees, to whom CARLA'S care and custody had been placed.

560. ST ANNE and its employees, to whom plaintiff's care and custody had been placed failed to employ sufficient personnel, provide adequate housing and sufficient technological devices to properly supervise their employees and wards.

561. As a proximate result of SUFFOLK, PILLSWORTH, HICKEY, IARIA, GRUHN and EGE's intentional, reckless malicious, and actions and inactions done with deliberate indifferences, CARLA was greatly humiliated, injured, violated and has suffered great mental and physical anguish, all to CARLA'S damage in an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00).

## XXI
## AS AND FOR PLAINTIFF CARLA'S CLAIM FOR RELIEF FOR NEGLIGENCE (Pendant) AGAINST SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWROTH JANE DOE 1, and EGE

562. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

563. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH and EGE were responsible for the care, custody and safety of plaintiff.

564. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH and EGE were under a duty to place plaintiff within a care facility capable of giving her the care and security required by the New York State Law and Rule for the Department of Social Services.

565. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH and EGE failed to examine the St Anne Institute, including its history, employees and programs.

566. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH and EGE failed to monitor the programs and activities of the children, including CARLA, whom they were responsible for, who where sent to the ST. ANNE Institute.

567. In or about 2002, it had became known that children from the ST. ANNE Institute were being abused by staff members.

568. After being placed on notice of this abuse, SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORHT and EGE failed to take adequate measures to prevent further harm to the children they were responsible for, including CARLA, by correcting such abuse including removing plaintiff and placing plaintiff in a duly accredited care facility.

569. SUFFOLK, HICKEY, IARIA, GRUHN, PILLSWORTH and EGE utterly failed to take any measures to safeguard their ward, CARLA.

570. As a proximate result of Defendant's negligent actions, Plaintiff was greatly humiliated, injured, violated and has suffered great mental anguish, all to Plaintiff's damage in

an amount to be provided at trial but no less than TWENTY MILLION DOLLARS ($20,000,000.00).

**XXII**
**AS AND FOR PLAINTIFF'S NINA S.**
**CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. §1981 AND §1983 AGAINST ST. ANNE INSTITUTE, CHARLES GRAHAM, RICHARD RICCIO, ELECIA RATTRAY, IVY GIBSON, DOUGLAS WILSON, CYNTHIA LANDRY, KEELY POTTS, "JANE" O' KEEFE, TERRY BOLAND, ANNE RYAN, MARY MULCHY, THE COUNTY OF SUFFOLK, SUFFOLK COUNTY DIRECTOR OF PROBATION VINCENT IARIA, SUFFOLK COUNTY COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES DAN HICKEY, MARITA GRUHN, ANNEMARIE PILLSWORTH, EGE, JOHN JOHNSON COMMISSIONER OF SOCIAL SERVICES OF THE STATE OF NEW YORK, JANE DOE 1.**

571. NINA S. repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

572. NINA S. has a constitutional right to a stable and a familial relationship with her daughter CARLA.

573. The integrity and stability of the relationship of NINA S. and CARLA S. was destroyed by the actions and inactions of the defendants hereto named.

574. The intimate relationship of NINA S. and CARLA S. was destroyed by the actions and inactions of the defendants hereto named.

575. The actions and inactions of ST. ANNE, GRAHAM, RICCIO, RATTRAY, GIBSON, WILSON, LANDRY, BOLAND, RYAN, O' KEEFE, POTTS, MULCHY, SUFFOLK, IARIA, HICKEY, GRUHN, PILLSWORTH, EGE, JOHNSON and "JANE DOE 1"

hereto named violated the companionship, care, management of CARLA S. by her mother NINA S.

**XXIII**
**AS AND FOR PLAINTIFF'S NINA S.**
**CLAIM FOR RELIEF NEGLIGENCE AGAINST ST. ANNE INSTITUTE, CHARLES GRAHAM,**
**RICHARD RICCIO, ELECIA RATTRAY, IVY GIBSON,**
**DOUGLAS WILSON, CYNTHIA LANDRY,**
**TERRY BOLAND, ANNE RYAN, "JANE" O' KEEFE, KELLY POTTS, and MARY MULCHY**

576. NINA S. repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

577. NINA S. has a right to a stable and a familial relationship with her daughter CARLA.

578. The integrity and stability of the relationship of NINA S. and CARLA S. was destroyed by the actions and inactions of the defendants hereto named.

579. The intimate relationship of NINA S. and CARLA S. was destroyed by the actions and inactions of the defendants hereto named.

580. The actions and inactions of ST. ANNE, GRAHAM, RICCIO, RATTRAY, GIBSON, WILSON, LANDRY, BOLAND, RYAN, O' KEEFE, POTTS and MULCHY hereto named violated the companionship, care, management of CARLA S. by her mother NINA S.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief:

A. Under the First Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

B. Under the Second Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

C. Under the Third Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

D. Under the Fourth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

E. Under the Fifth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

F. Under the Sixth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

G. Under the Seventh Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

H. Under the Eighth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

I. Under the Ninth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

J. Under the Tenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

K. Under the Eleventh Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

L. Under the Twelfth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

M. Under the Thirteenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

N. Under the Fourteenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

O. Under the Fifteenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

P. Under the Sixteenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

Q. Under the Seventeenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

R. Under the Eighteenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

S. Under the Nineteenth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

T. Under the Twentieth Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

U. Under the Twenty First Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

V. Under the Twenty Second Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

W. Under the Twenty Third Claim for Relief, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus punitive damages and attorney's fees.

Dated: Lake Success, New York
October 31, 2003

Respectfully Submitted

FRIEDMAN, HARFENIST & LANGER

By: ______________________

Charles H. Horn (CHH 1886)
*Attorneys for Plaintiff*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 775-5800